Alan Herzfeld
Scott McKay
NEVIN, HERZFELD, BENJAMIN & McKAY, LLP
303 West Bannock, P.O. Box 2772
Boise, Idaho 83701
Telephone:  (208) 343-1000

Richard P. Blumberg
WEBSTER, MRAK & BLUMBERG
1422 Seneca Street
Seattle, WA 98101
Telephone: (206) 223-0344

Attorneys for Plaintiffs



US DISTRICT &
BANKRUPTCY COURTS
01 APR 30  PM 9:09
FILED - RECEIVED - IDAHO
Cameron S. Burke, Clerk

FEE PAID
Rcpt 9035

# UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| JOHN ALEXANDER, DAVE AUGASON, ANGIE BERENS, SHARON BRADY, PATRICIA BROWN, SHANE CAMARENA, ELEANOR CASTENADA, JOSEPH CHONG, JAMES COATS IV, STEVEN COOPER, STEVEN CULBERTSON, KELLI DAVENPORT-HALL, CLIFTON, DELANEY, KEVIN DUNCAN, JOSH EDDY, MONIQUE FARMER, DAWN FOSKET, JENNIFER GARCIA, CAROL GOLD, PAUL GRAZIANO, DENNIS HAWTHORNE, WILLIAM HECKATHORN, ROBERT LOUIS HOEFLER, JANELL HOLDER, PATRICK IMAN, CARLA JACKSON, CAROL JACKSON, JESSICA JONES, LARRY JONES, JAMES KUNS, RAUL LEON, BILL LOGAN, SHERYL LONERGAN, REGINA LOPEZ, DONALD McBRIDE, BRIAN MILLER, TERRI ANN PAUL, GLENDA PHELAN, QUINTUS PREACELY, ESPERANZA RAMIREZ, BARBARA RICHARDSON, STACEY ROBERTS, PATRICIA ROBLEDO, EDWARD TRESH, EVELYN TUTEIN, SEAN TYREE, RUBIN VIGIL, SHARON WHITTEMORE, CHRISTYNE WOOD, SAMUEL YOCUM<br><br>Plaintiffs,<br><br>vs.<br><br>ALBERTSON'S, INC.,<br><br>Defendant. | Case No.<br><br>CIV01 - 0 1 8 9 - S - LMB<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

COMPLAINT AND DEMAND FOR JURY TRIAL- i

ORIGINAL

1.

TABLE OF CONTENTS

1.      INTRODUCTION ....................................................... 1

2.      JURISDICTION AND VENUE ........................................... 1

        2.1.    Federal Claim ............................................... 1

                2.1.1. FLSA: Off-the-Clock Work ........................... 1

                2.1.2. Relief ............................................. 1

        2.2.    State Law Claims ............................................ 1

        2.3.    Claims by Plaintiff Patrick Iman ............................ 2

        2.4.    Jurisdiction ................................................ 2

        2.5.    Venue ...................................................... 3

3.      NATURE OF THIS ACTION ............................................. 3

4.      SETTLEMENT OF IN RE ALBERTSON'S, INC. EMPLOYMENT PRACTICES
        LITIGATION ........................................................ 3

        4.1.    Settlement ................................................. 3

        4.2.    Tolling .................................................... 4

5.      PARTIES ........................................................... 4

        5.1.    Plaintiffs ................................................. 4

        5.2.    Defendant .................................................. 13

6.      FACTS ............................................................. 13

        6.1.    Scope Of Employment ........................................ 13

        6.2.    Unlawful Conduct ........................................... 13

                6.2.1. John Alexander ..................................... 13

                6.2.2. Dave Augason ....................................... 14

                6.2.3. Angie Berens ....................................... 14

6.2.4.  Sharon Brady . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

6.2.5.  Patricia Brown . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

6.2.6.  Shane Camarena . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

6.2.7.  Eleanor Castenada . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

6.2.8.  Joseph Chong . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

6.2.9   James Coats IV  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

6.2.10. Steven Cooper . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

6.2.11. Steven Culbertson . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

6.2.12. Kelli Davenport-Hall . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

6.2.13. Clifton Delaney  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

6.2.14. Kevin Duncan  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

6.2.15. Janene Eddy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

6.2.16. Josh Eddy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

6.2.17. Monique Farmer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

6.2.18. Dawn Fosket  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

6.2.19. Jennifer Garcia . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

6.2.20. Carol Gold  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

6.2.21. Paul Graziano . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

6.2.22. Dennis Hawthorne . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

6.2.23. William Heckathorn . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

6.2.24. Robert Louis Hoefler . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

6.2.25. Janell Holder  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

6.2.26. Patrick Iman . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

6.2.27. Carla Jackson . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

6.2.28. Carol Jackson . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

6.2.29. Jessica Jones . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

6.2.30. Larry Jones . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

6.2.31. James Kuns . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

6.2.32. Raul Leon . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

6.2.33. Bill Logan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

6.2.34. Sheryl Lonergan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

6.2.35. Regina Lopez . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

6.2.36. Donald McBride . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

6.2.37. Brian Miller . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

6.2.38. Terri Ann Paul . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

6.2.39. Glenda Phelan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

6.2.40. Quintus Preacely . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

6.2.41. Esperanza Ramirez . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

6.2.42. Barbara Richardson . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

6.2.43. Stacey Roberts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

6.2.44. Patricia Robledo . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

6.2.45. Edward Tresh . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

6.2.46. Evelyn Tutein . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

6.2.47. Sean Tyree . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

6.2.48. Rubin Vigil . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

6.2.49. Sharon Whittemore . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

|  |  | 6.2.50. Christyne Wood . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 40 |
|  |  | 6.2.51. Samuel Yocum . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 41 |
| 7. |  | VIOLATIONS AND EFFECTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 41 |
|  | 7.1. | Violation of FLSA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 41 |
|  | 7.2. | Violation of California Statutes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 41 |
| 8. |  | JURY DEMAND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 42 |
| 9. |  | PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 42 |
|  | 9.1. | Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 42 |
|  | 9.2 | Restitution and Disgorgement of Profits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 42 |
|  | 9.3 | Costs of Litigation and Attorneys' Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 42 |
|  | 9.4. | Other Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 42 |

1. INTRODUCTION

    1.1    Plaintiffs are current or former employees of Albertson's, Inc. ("Albertson's").  During their employment at Albertson's, plaintiffs worked off the clock and Albertson's was aware or should have been aware of such off the clock work.  Plaintiffs seek to recover unpaid overtime compensation, unpaid regular wages in weeks in which overtime was worked, minimum wages, liquidated damages, penalties, and other appropriate relief for such work.

2. JURISDICTION AND VENUE.

    2.1    Federal Claim. Violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"):

        2.1.1    FLSA:  Off-the-Clock Work.  Albertson's permitted plaintiffs to work off the clock, thus failing to pay overtime compensation for all time Albertson's permitted employees to work in excess of 40 hours in a week, and failing to pay regular wages in weeks in which overtime was worked, in violation of FLSA Section 7, 29 U.S.C. § 207.

        2.1.2    Relief.  Plaintiffs seek (1) unpaid compensation (2) liquidated damages and (3) attorneys' fees and costs.

    2.2    State Claims.

        2.2.1    California Wage Claims.  Albertson's permitted plaintiffs who current or former employees employed in stores located in California to work off the clock, thus failing to pay overtime and minimum wages for all time Albertson's permitted employees to work in violation of applicable California statutes and wage orders.  Plaintiffs seek unpaid overtime and minimum wages, penalties, and attorneys' fees and costs.

        2.2.2    Unfair Competitive Practice Claim Under California Business & Professions Code § 17200.  Albertson's permitted plaintiffs who are current or former employees employed in

stores located in California to work off the clock, thus failing to pay overtime and minimum wages

for all time Albertson's permitted employees to work in violation of applicable California statutes

and wage orders, and thereby engaged in unlawful and unfair competitive practices in violation of

California Business & Professions Code § 17200 et seq.  Plaintiffs seek restitution and

disgorgement of profits for unlawful and unfair competitive practices and attorneys' fees and costs.

2.3     Claims by Plaintiff Patrick Iman.     Albertson's improperly classified plaintiff

Patrick Iman as exempt from, and therefore failed to pay him, overtime compensation under

California state law.  As a result, Albertson's has failed properly compensate plaintiff Patrick Iman

and maintain records sufficient to determine the benefits due or which may become due him under

applicable employee benefit plans, in violation of the Employee Retirement Income Security Act

("ERISA"), Section 209(a)(1), 29 U.S.C. § 1059(a), has failed to pay him overtime premiums in

violation of California state law, and thereby engaged in unlawful and unfair competitive practices

in violation of California Business & Professions Code § 17200 et seq.  Plaintiff Patrick Iman seeks

unpaid overtime compensation, statutory penalties, restitution and disgorgement of profits for

unlawful and unfair competitive practices, and attorneys' fees and costs.

2.4     Jurisdiction.  This Court has jurisdiction of plaintiffs' federal law claims pursuant to

28 U.S.C. §§ 1331 and 1337, and Section 16(b) of the FLSA, 29 U.S.C. § 216(b).  This Court has

jurisdiction of plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a), because the state law

claims are so related to plaintiffs' federal claims that they form a part of the same case or

controversy between the parties.

This Court has jurisdiction of plaintiff Patrick Iman's federal law claim pursuant to 28

U.S.C. §§ 1331 and 1337, and Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and jurisdiction

of his state law claims pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related

to his federal claim that they form a part of the same case or controversy between parties.

2.5     Venue. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events and omissions giving rise to plaintiffs' claims occurred in this district and Albertson's corporate headquarters are located in this district.

3. NATURE OF THIS ACTION.

3.1     Albertson's has permitted plaintiffs to work off the clock because its managers, including without limitation department managers, store directors, division directors, and top corporate managers, have known or should have known that Albertson's has failed to record and pay for all time worked as required by law. Albertson's knew or should have known that the work was occurring, because its managers, including without limitation department managers, store directors, division directors, and top corporate managers:

3.1.1     Have been present in stores when work off the clock was occurring, including when plaintiffs were working through lunch breaks and before and after their scheduled shifts;

3.1.2     Had the ability to determine when plaintiffs were scheduled to work and whether they are on the clock; and

3.1.3     Knew or should have known that plaintiffs were likely to work off the clock when they were (1) given too much work to complete on their shift, and (2) threatened with discipline, reduced work schedules or replacement, if the work was not completed within the scheduled shifts and without recording work hours beyond their scheduled shifts.

4.     SETTLEMENT OF IN RE ALBERTSON'S, INC. EMPLOYMENT PRACTICES LITIGATION.

4.1     Settlement.     On September 11, 2000, the United States District Court for the District of Idaho, the Honorable B. Lynn Winmill presiding, entered an order approving a

COMPLAINT AND DEMAND FOR JURY TRIAL- 3

comprehensive settlement of collective and class wage and hour actions brought by current and former Albertson's employees against Albertson's in various actions comprising the consolidated case of In Re Albertson's Employment Practices Litigation, MDL Docket No. 1215. Plaintiffs in the present action are current and former employees who: (1) opted out of the settlement; (2) worked in a position at Albertson's excluded from the settlement; or (3) have ineligible claims according to the terms of the settlement.

    4.2    Tolling.    As a result of the filing of the various actions comprising the consolidated case of In Re Albertson's Employment Practices Litigation, MDL Docket No. 1215, and the agreements of the parties in those actions, the running of the statute of limitations on plaintiffs' claims herein have been tolled to various degrees.

5.  PARTIES.

    5.1    Plaintiffs.    Plaintiffs are individuals who, within the applicable period of limitations prior to the commencement of this action, including applicable tolling periods, were employed by Albertson's. Plaintiffs do not bring any claim under any collective bargaining agreement.

        5.1.1    Plaintiff John Alexander was employed by Albertson's at its stores in Sacramento, California (stores 770 and 766), as a front end clerk, front end jobber, liquor jobber, fifth person, and grocery jobber, in the period, among other times, from approximately May 1993 to May 1998.

        5.1.2    Plaintiff Dave Augason was employed by Albertson's at its store in Midvale, Utah (store 364), as a fourth key person, front end clerk and grocery clerk in the period, among other times, from approximately March 1993 to July 1996.

COMPLAINT AND DEMAND FOR JURY TRIAL- 4

5.1.3    Plaintiff Angie Berens was employed by Albertson's at its store in Fairfield, California (store 755), as a customer service supervisor and backup scan coordinator in the period from approximately 1993 to 1998.

5.1.4    Plaintiff Sharon Brady was employed by Albertson's at its stores in Capitola, California (store 719), and Freedom, California (786), and classified as, among other positions, an assistant customer service supervisor, third person, backup scan coordinator, scan clerk, and grocery jobber, in the period, among other times, from approximately May 1993 to January 1999.

5.1.5    Plaintiff Patricia Brown was employed by Albertson's at its store in Rancho Cordova, California (store 761), as a front end clerk in the period, among other times, from approximately May 1993 to January 1996.

5.1.6    Plaintiff Shane Camarena was employed by Albertson's at its stores in Rancho Cordova, California (store 761) and Granite Bay, California (store 771), as a front end clerk, receiving clerk jobber, grocery jobber, and grocery clerk in the period, among other times, from approximately May 1993 to September 1997.

5.1.7    Plaintiff Eleanor Castenada was employed by Albertson's at its stores in Rancho Cucamonga, California (stores 606, 661 and 1620), Colton, California (store 1603), Corona, California (store 1613), and Chino, California (store 1624) as a sign maker, salad maker, salad maker jobber and produce jobber in the period, among other times, from approximately May 1993 to February 2001.

5.1.8    Plaintiff Joseph Chong was employed by Albertson's at its store in Sacramento, California (store 770), as a grocery clerk, front end clerk, grocery jobber, and fourth person in the period, among other times, from approximately January 1993 to August 1999.

COMPLAINT AND DEMAND FOR JURY TRIAL- 5

5.1.9    Plaintiff James Coats IV was employed by Albertson's at its store in Gainesville, Florida (store 4314), as a service deli clerk and assistant deli manager in the period, among other times, from approximately March 1994 to September 1996.

5.1.10    Plaintiff Steven Cooper was employed by Albertson's at its store in Oroville, California (store 758), as a produce clerk in the period, among other times, from approximately May 1993 to February1996.

5.1.11    Plaintiff Steven Culbertson was employed by Albertson's at its stores in Fairfield, California (store 755), and Vacaville, California (stores 772 and 781), as a front end jobber, front end clerk, grocery jobber, and grocery clerk in the period, among other times, from approximately May 1993 to March 1999.

5.1.12    Plaintiff Kelli Davenport-Hall was employed by Albertson's at its stores in Corona Del Mar, California (store 604) and Fountain Valley, California (store 670), and Huntington Beach, California (store 1668), as a box person, service deli person, butcher block clerk, service deli clerk, general merchandise clerk, general merchandise manager, and bakery clerk in the period from approximately May 1993 to November 1998, except for the period November 1995 to June 1996, when she was on disability leave.

5.1.13    Plaintiff Clifton Delaney was employed by Albertson's at its stores in Peoria, Arizona (store 971), and Glendale, Arizona (store 974), as a bakery helper, bakery sales jobber, service deli jobber and service deli clerk, in the period from approximately July 1996 to October 1997.

5.1.14    Plaintiff Kevin Duncan was employed by Albertson's at its stores in Oroville, California (store 758), and Chico, California (store 775), as a assistant customer service supervisor, front end clerk, grocery jobber, grocery clerk, and front end jobber, in the period, among

other times, from approximately May 1993 to January 1999.

      5.1.15    Plaintiff Janene Eddy was employed by Albertson's at its stores in Lancaster, California (store1670), as a key person, in the period, among other times, from approximately May 1993 to September 1995, classified as a front end clerk..

      5.1.16    Plaintiff Josh Eddy was employed by Albertson's at its stores in Lancaster, California (stores 1619 and 1670), as a courtesy clerk, non-food clerk, liquor jobber, grocery clerk, receiving clerk, receiving clerk jobber, front end clerk, and backup scan coordinator, in the period, among other times, from approximately May 1993 to 1999.

      5.1.17    Plaintiff Monique Farmer was employed by Albertson's at its stores in Chico, California (store 775) and Paradise, California (store 753), as a service deli clerk, service deli manager and front end fifth person in the period from approximately February 1992 to 2001.

      5.1.18    Plaintiff Dawn Fosket was employed by Albertson's at its stores in Fort Collins, Colorado (stores 814 and 876), as a courtesy clerk, courtesy booth jobber, front end jobber, front end clerk, grocery jobber, and grocery clerk in the period from approximately December 1995 to January 1998.

      5.1.19    Plaintiff Jennifer Garcia was employed by Albertson's at its stores in West Covina, California (store 1797) and Upland, California (store 1983), as a courtesy clerk, grocery clerk, deli clerk, and meat deli supervisor in the period, among other times, from approximately May 1993 to September 1999.

      5.1.20    Plaintiff Carol Gold was employed by Albertson's at its stores in Colton, California (store 1603), and Redlands, California (store1605), as a bookkeeper and checker in the period, among other times, from approximately January 1993 to January 2000.

5.1.21    Plaintiff Paul Graziano was employed by Albertson's at its stores in Sacramento, California (stores 770 and 773), and Carmichael, California (store 783), as a grocery clerk, front end clerk, receiving clerk jobber, assistant customer service supervisor, liquor clerk, and head front end clerk in the period, among other times, from approximately May 1993 to January 1999.

5.1.22    Plaintiff Dennis Hawthorne was employed by Albertson's at its stores in Rancho Cordova, California (store 761), Folsom, California (store 762), Sacramento, California (store 769), Granite Bay, California (store 771), and Folsom, California (store 788), as a front end jobber, grocery clerk, front end clerk, fourth person, grocery jobber, liquor clerk, liquor jobber, fifth person, in the period, among other times, from approximately May 1993 to 1999.

5.1.23    Plaintiff William Heckathorn was employed by Albertson's at its stores in Snohomish, Washington (store 401), and Tacoma, Washington (store 463), as a meat manager in the period, among other times, from approximately May 1993 to May 1995.

5.1.24    Plaintiff Robert Louis Hoefler was employed by Albertson's at its store in Capitola, California (store 719), as a liquor clerk and assistant customer service supervisor in the period, among other times, from approximately May 1993 to May 1995.

5.1.25    Plaintiff Janell Holder was employed by Albertson's at its store in Fresno, California (store 780), as a bake-off manager in the period from approximately September 1991 to November 1994.

5.1.26    Plaintiff Patrick Iman was employed by Albertson's at its stores in Salinas and Monterey, California (stores 795, 1901, and 1902), as a salaried general merchandise drug manager between 1987 and 1999.

5.1.27    Plaintiff Carla Jackson was employed by Albertson's at its store in San Diego, California (store 685), as a service deli clerk and service deli demonstrator in the period from approximately August 1997 to July 1998.

5.1.28    Plaintiff Carol Jackson was employed by Albertson's at its store in Sacramento, California (store 770), as a butcher block supervisor in the period from approximately May 1993 to January 1999.

5.1.29    Plaintiff Jessica Jones was employed by Albertson's at its store in North Highlands, California (store 765), as a courtesy clerk, lobby jobber, courtesy booth jobber, lobby clerk, and salad maker jobber in the period, among other times, from approximately June 1997 to October 1999.

5.1.30    Plaintiff Larry Jones was employed by Albertson's at its store in North Highlands, California (store 765), as a front end clerk and grocery jobber in the period, among other times, from approximately May 1993 to September 1999.

5.1.31    Plaintiff James Kuns was employed by Albertson's at its stores in Northridge, California (store 659), Simi Valley, California (stores 1617 and 1663), as a front end clerk, front end jobber, grocery clerk, grocery jobber, and liquor clerk in the period, among other times, from approximately May 1993 to August 1997.

5.1.32    Plaintiff Raul Leon has been employed by Albertson's at its stores in La Quinta, California (store 1627) and Palm Springs, California (store 683), as a grocery clerk and front-end clerk,  in the period from approximately March 1993 to August 1999.

5.1.33    Plaintiff Bill Logan was employed by Albertson's at its stores in Sacramento, California (stores 770 and 777), as a front end clerk, liquor clerk, and grocery clerk in the period, among other times, from approximately May 1993 to January 1999.

5.1.34    Plaintiff Sheryl Lonergan was employed by Albertson's at its store in Fresno, California (store 780), as a grocery clerk, customer service supervisor, and checker in the period, among other times, from approximately 1992 to 1999.

5.1.35    Plaintiff Regina Lopez was employed by Albertson's at its stores in Carmel, California (store 705), Capitola, California (store 719), and Freedom, California (stores 739 and 786), as a service deli clerk, front end jobber, front end clerk, grocery jobber in the period, among other times, from approximately May 1993 to January 1999.

5.1.36    Plaintiff Donald McBride was employed by Albertson's at its stores in Austin, Texas (stores 4018 and 4020), as a front end clerk, front end jobber, service deli clerk, and butcher block service clerk in the period, among other times, from approximately June 1993 to October 1998.

5.1.37    Plaintiff Brian Miller was employed by Albertson's at its stores in Scottsdale, Arizona (store 955), Peoria, Arizona (store 971), Glendale, Arizona (store 974), and Goodyear, Arizona (store 976), as a front end clerk, backup scan coordinator, assistant customer service supervisor, assistant front end manager, front end manager, and front end jobber in the period, among other times, from approximately March 1994 to May 1997.

5.1.38    Plaintiff Terri Ann Paul was employed by Albertson's at its stores in Rohnert Park, California (store 752), Turlock, California (store 768), North Highlands, California (store 765), and Sacramento, California (stores 773 and 770), as a checker and assistant customer service supervisor in the period from approximately August 1983 to 1996.

5.1.39    Plaintiff Glenda Phelan was employed by Albertson's at its stores in Citrus Heights, California (store 764 and 774), as a customer service supervisor, front end clerk, scan clerk, backup scan coordinator in the period from approximately August 1993 to September 1999.

5.1.40    Plaintiff Quintus Preacely was employed by Albertson's at its stores in Long Beach, California (store 1602), Fullerton, California (store 1635), and Lakewood, California (store 1697), as a grocery clerk, front end clerk, fourth person, third person, front end jobber, and grocery jobber in the period, among other times, from approximately May 1993 to the present.

5.1.41    Plaintiff Esperanza Ramirez was employed by Albertson's at its stores in Whittier, California (store 625), Long Beach, California (store 1905), Covina, California (store 1919), Garden Grove, California (store 1919), and Los Angeles, California (store 1968), as a courtesy clerk, courtesy jobber, front end clerk, meat deli clerk, meat deli jobber, non-food clerk, non-food clerk jobber, front end jobber, courtesy booth clerk, and sign maker, in the period, among others, from approximately May 1993 to May 1999.

5.1.42    Plaintiff Barbara Richardson was employed by Albertson's at its stores in Houston, Texas (stores 2707, 2703, and 2705), as a cashier and assistant florist in the period from approximately August 1999 to June 2000.

5.1.43    Plaintiff Stacey Roberts was employed by Albertson's at its stores in Palmdale, California (store 1634), and Rosamond, California (store 1637), as a front end clerk, service deli clerk, front end jobber, grocery jobber, grocery clerk, assistant front end manager, and fourth person in the period from approximately May 1993 to August 1999.

5.1.44    Plaintiff Patricia Robledo was employed by Albertson's at its stores in Anaheim, California (store 666), Placentia, California (store 1604), and Buena Park, California (store 1648), as a decorator, decorator jobber, bake-off decorator, and bake-off decorator jobber in the period from approximately May 1993 to December 1998.

5.1.45    Plaintiff Edward Tresh was employed by Albertson's at its store in Rancho Cordova, California (store 761), as a grocery clerk, front end clerk, grocery jobber, and third person

in the period, among other times, from approximately May 1993 to April 1998.

     5.1.46    Plaintiff Evelyn Tutein was employed by Albertson's at its stores in Pembroke Pines, Florida (store 4360), and Sunrise, Florida (store 4375), as a front end clerk, drug and general merchandise clerk and jobber in the period from approximately May 1994 to January 1996.

     5.1.47    Plaintiff Sean Tyree was employed by Albertson's at its store in Granite Bay, California (store 771), as a head grocery clerk, front end clerk, front end jobber, grocery clerk, grocery jobber, and liquor jobber in the period, among other times, from approximately May 1993 to November 1994.

     5.1.48    Plaintiff Rubin Vigil was employed by Albertson's at its store in Huntington Beach, California (store 1668), as a liquor manager/supervisor, grocery clerk, front end jobber, front end clerk, and receiving clerk jobber, among other times, from approximately May 1993 to June 1999.

     5.1.49    Plaintiff Sharon Whittemore was employed by Albertson's at its store in Oroville, California (store 758), and classified as a non-food clerk, courtesy booth jobber, and courtesy booth supervisor, among other times, from approximately May 1993 to May 1998.

     5.1.50    Plaintiff Christyne Wood was employed by Albertson's at its store in Chico, California (store 775), as a front end clerk, customer service supervisor, and liquor jobber in the period from approximately May 1993 to January 1999.

     5.1.51    Plaintiff Samuel Yocum was employed by Albertson's at its store in West Linn, Oregon (store 506), Milwaukie, Oregon (store 543), and Oregon City, Oregon (store 571) as a front end jobber, grocery jobber, grocery clerk, front end fifth person, front end fourth person, and third person, among other times, from approximately May 1993 to 2000.

5.2    Defendant.  Defendant is a Delaware corporation with headquarters in Boise, Idaho,

doing business in multiple states throughout the country.  At all times relevant hereto, Albertson's

has employed employees and done business in Idaho and other states and has been an employer as

that term is used in the FLSA.

6.  FACTS.

6.1    Scope Of Employment.  Albertson's has employed the plaintiffs for work that

includes selling merchandise and services.

6.2    Unlawful Conduct.  As described in the following paragraphs, Albertson's has (1)

failed to keep accurate records showing all the time that Albertson's permitted plaintiffs to work;

(2) failed to pay or wilfully failed to pay overtime compensation for all time Albertson's permitted

plaintiffs to work in excess of 40 hours in a week and failed to pay regular wages in weeks in which

overtime was worked; (3) failed to pay overtime and minimum wages required by California law for

all time Albertson's permitted plaintiffs to work; and (4) has engaged in unfair competitive

practices.

6.2.1    Plaintiff John Alexander.

6.2.1.1    Plaintiff John Alexander was employed by Albertson's at its stores in

Sacramento, California (stores 770 and 766), as a front end clerk, front end jobber, liquor jobber,

fifth person, and grocery jobber, in the period, among other times, from approximately May 1993 to

May 1998. Mr. Alexander worked off the clock as a fifth key person and as a front end clerk and

jobber and liquor jobber.  Management knew or should have known that Mr. Alexander was

working off the clock, because, among other reasons, managers were usually present in the store

when he worked off the clock, knew or should have known when he was scheduled to work, and

knew or should have known that he was likely to work off the clock because he was given too much

work to complete during his shift.

### 6.2.2   Plaintiff Dave Augason.

6.2.2.1   Plaintiff Dave Augason was employed by Albertson's at its store in Midvale, Utah (store 364), as a fifth key person, front end clerk and grocery clerk in the period, among other times, from approximately March 1993 to July 1996.  Mr. Augason worked off the clock in these positions, performing the following work activities, among others:  helping out in the check stand, unloading the truck, stocking shelves in dairy, stocking shelves in bread, occasionally writing frozen food orders, balancing and reconciling the safe (as key only) walking the store, making sure carts were in from the parking lot, and manually turning the computer system over and rebooting (as key only).  He worked off the clock during his scheduled lunch break, after his scheduled shift, and, as a key, on his day off.  Management knew or should have known that Mr. Augason was working off the clock, because, among other reasons, managers were usually present in the store when he worked off the clock, knew or should have known when he was scheduled to work, and knew or should have known that he was likely to work off the clock because he was given too much work to complete during his shift.  Albertson's failed formally to classify Mr. Augason as a fifth key person.

### 6.2.3   Plaintiff Angie Berens.

6.2.3.1   Plaintiff Angie Berens was employed by Albertson's at its store in Fairfield, California (store 755), as a customer service supervisor and backup scan coordinator in the period from approximately 1993 to 1998.  Ms. Berens performed the following work activities, among others, off the clock, working before and after her scheduled shift and through lunch breaks, and on days off: helping customers, opening safe, making orders, reviewing and preparing schedules, setting up check stands, preparing duty roster, finding coverage for sick employees,

ordering uniforms, evaluating employees, hiring employees, and handling special promotions. Management knew or should have known that Ms. Berens was working off the clock, because, among other reasons, managers were usually present in the store when she worked off the clock, knew or should have known when she was scheduled to work, and knew or should have known that she was likely to work off the clock because she was given too much work to complete during her shift.

        6.2.4   <u>Plaintiff Sharon Brady.</u>

        6.2.4.1  Plaintiff Sharon Brady was employed by Albertson's at its stores in Capitola, California (store 719), and Freedom, California (786), and classified as, among other positions, an assistant customer service supervisor, third person, backup scan coordinator, scan clerk, and grocery jobber, in the period, among other times, from approximately May 1993 to January 1999. Ms. Brady worked off the clock performing the following work activities, among others: helping clerks, check approvals, getting cash, walking the floor for produce, pulling loads onto the floor, facing end displays, stocking liquor and cookies, counting tills, closing out front ends, ad mark downs, purchasing product at other stores, and training. She worked off the clock during her scheduled lunch break, before and after her scheduled shift, and at home. Management knew or should have known that Ms. Brady was working off the clock, because, among other reasons, managers were usually present in the store when she worked off the clock, knew or should have known when she was scheduled to work, and knew or should have known that she was likely to work off the clock because she was given too much work to complete during her shift.

        6.2.5   <u>Plaintiff Patricia Brown.</u>

        6.2.5.1  Plaintiff Patricia Brown was employed by Albertson's at its store in Rancho Cordova, California (store 761), as a front end clerk in the period, among other times,

from approximately May 1993 to January 1996.  Ms. Brown worked off the clock as a front end clerk performing the following work activities, among others:  writing schedules, helping customers, counting the tills and reconciling.  She worked off the clock during her scheduled lunch break, before and after her scheduled shift, and at home.  Management knew or should have known that Ms. Brown was working off the clock, because, among other reasons, managers were usually present in the store when she worked off the clock, knew or should have known when she was scheduled to work, and knew or should have known that she was likely to work off the clock because she was given too much work to complete during her shift.

      6.2.6    Plaintiff Shane Camarena.

        6.2.6.1  Plaintiff Shane Camarena was employed by Albertson's at its stores in Rancho Cordova, California (store 761) and Granite Bay, California (store 771), as a front end clerk, receiving clerk jobber, grocery jobber, and grocery clerk in the period, among other times, from approximately May 1993 to September 1997.  Mr. Camarena worked off the clock performing the following work activities, among others:  putting up loads.  He worked off the clock before and after his scheduled shift and through his scheduled lunch break.  Management knew or should have known that Mr. Camarena was working off the clock, because, among other reasons, managers were usually present in the store when he worked off the clock, knew or should have known when he was scheduled to work, and knew or should have known that he was likely to work off the clock because he was given too much work to complete during his shift.

      6.2.7    Plaintiff Eleanor Castenada.

        6.2.7.1  Plaintiff Eleanor Castenada was employed by Albertson's at its stores in Rancho Cucamonga, California (stores 606, 661 and 1620), Colton, California (store 1603), Corona, California (store 1613), and Chino, California (store 1624) as a sign maker, salad

maker, salad maker jobber and produce jobber in the period, among other times, from approximately May 1993 to February 2001. Ms. Castenada worked off the clock as a sign maker performing the following work activities, among others: driving from store to store during her scheduled lunch break and finishing signs. She worked off the clock in the salad bar performing the following work activities, among others: slicing and preparing salads and restocking the salad bar, cleaning up, unclogging machinery. Management knew or should have known that Ms. Castenada was working off the clock, because, among other reasons, managers were usually present in the store when she worked off the clock, knew or should have known when she was scheduled to work, and knew or should have known that she was likely to work off the clock because she was given too much work to complete during her shift.

      6.2.8   <u>Plaintiff Joseph Chong.</u>

          6.2.8.1  Plaintiff Joseph Chong was employed by Albertson's at its store in Sacramento, California (store 770), as a grocery clerk, front end clerk, grocery jobber, and fourth person in the period, among other times, from approximately January 1993 to August 1999. Mr. Chong worked off the clock during his scheduled lunch break and before and after his scheduled shift, performing the following work activities, among others: approving customer checks, providing checkers with money, checking when the store was busy, restocking and finishing milk, bread, and other merchandise, checking displays and filling ad items, making sure the safe has been counted and properly reconciled before his shift, closing tills, counting and reconciling the safe, walking the store and checking departments for stocking needs, and finishing other employees' assigned tasks. Management knew or should have known that Mr. Chong was working off the clock, because, among other reasons, managers knew or should have known that he was likely to work off the clock because he was given too much work to complete during his shift.

6.2.9    Plaintiff James Coats IV.

6.2.9.1    Plaintiff James Coats IV was employed by Albertson's at its store in Gainesville, Florida (store 4314), as a service deli clerk and assistant deli manager in the period, among other times, from approximately March 1994 to September 1996.  Mr. Coats worked off the clock during his scheduled lunch break and before and after his scheduled shift, performing the following work activities, among others:  taking inventory, waiting on customers, working on sales promotions, covering for other departments, and covering for absent employees.  Management knew or should have known that Mr. Coats was working off the clock, because, among other reasons, managers were usually present in the store when he worked off the clock, knew or should have known when he was scheduled to work, and knew or should have known that he was likely to work off the clock because he was given too much work to complete during his shift.

6.2.10    Plaintiff Steven Cooper.

6.2.10.1    Plaintiff Steven Cooper was employed by Albertson's at its store in Oroville, California (store 758), as a produce clerk in the period, among other times, from approximately May 1993 to February 1996.  Mr. Cooper worked off the clock as a produce clerk performing the following work activities, among others: stocking produce and cleaning up the back room, doing the trim (e.g. tying bunches of asparagus and other vegetables, cutting and wrapping watermelon, etc.), finishing wet rack prep, doing re-trim and restock.  He worked off the clock during his scheduled lunch break, but most often after his scheduled shift.  Management knew or should have known that Mr. Cooper was working off the clock, because, among other reasons, managers knew or should have known when he was scheduled to work, and knew or should have known that he was likely to work off the clock because he was given too much work to complete during his shift.

6.2.11  Plaintiff Steven Culbertson.

6.2.11.1   Plaintiff Steven Culbertson was employed by Albertson's at its stores in Fairfield, California (store 755), and Vacaville, California (stores 772 and 781), as a front end jobber, front end clerk, grocery jobber, and grocery clerk in the period, among other times, from approximately May 1993 to March 1999.  Mr. Culbertson worked off the clock,  performing the following work activities, among others: unloading the truck, filling and facing milk, bread and beer, and making sure ad items were stocked, picking up eggs from store 714 and delivering them to store 755, bringing out the bread racks for the next shift and filling and facing ice cream.  He worked off the clock during his scheduled lunch break and before and after his scheduled shift. Management knew or should have known that Mr. Culbertson was working off the clock, because, among other reasons, managers knew or should have known that he was likely to work off the clock because he was given too much work to complete during his shift.  Management also knew or should have known that Mr. Culbertson was working off the clock, because they asked him to do it.

6.2.12  Plaintiff Kelli Davenport-Hall.

6.2.12.1   Plaintiff Kelli Davenport-Hall was employed by Albertson's at its stores in Corona Del Mar, California (store 604) and Fountain Valley, California (store 670), and Huntington Beach, California (store 1668), as a box person, service deli person, butcher block clerk, service deli clerk, general merchandise clerk, general merchandise manager, and bakery clerk in the period from approximately May 1993 to November 1998, except for the period November 1995 to June 1996, when she was on disability leave.  Ms. Davenport-Hall worked off the clock, during her scheduled lunch break, before and after her scheduled shift, and on her day off, performing the following work activities, among others: unloading pallets of merchandise, putting it on the shelves and arranging the merchandise, doing paperwork, including writing orders, making displays,

COMPLAINT AND DEMAND FOR JURY TRIAL- 19

delivering and pickup up merchandise, setting up in bakery, preparing orders, assisting customers, and making work-related telephone calls.  Management knew or should have known that Ms. Davenport-Hall was working off the clock, because, among other reasons, managers were usually present in the store when she worked off the clock, knew or should have known when she was scheduled to work, and knew or should have known that she was likely to work off the clock because she was given too much work to complete during her shift.

　　　　　6.2.13  Plaintiff Clifford Delaney.

　　　　　6.2.13.1  Plaintiff Clifton Delaney was employed by Albertson's at its stores in Peoria, Arizona (store 971), and Glendale, Arizona (store 974), as a bakery helper, bakery sales jobber, service deli jobber and service deli clerk, in the period from approximately July 1996 to October 1997.  Mr. Delaney worked off the clock, performing the following work activities, among others: stocking, rearranging bakery displays, waiting on customers, washing dishes, and preparing meats and other service deli items.  He worked off the clock before and after his scheduled shift and during scheduled lunch breaks.  Management knew or should have known that Mr. Delaney was working off the clock, because, among other reasons, they asked him to do it.  In addition, managers were usually present in the store when he worked off the clock, knew or should have known when he was scheduled to work, and knew or should have known that he was likely to work off the clock because he was given too much work to complete during his shift.

　　　　　6.2.14  Plaintiff Kevin Duncan.

　　　　　6.2.14.1  Plaintiff Kevin Duncan was employed by Albertson's at its stores in Oroville, California (store 758), and Chico, California (store 775), as a assistant customer service supervisor, front end clerk, grocery jobber, grocery clerk, and front end jobber, in the period, among other times, from approximately May 1993 to January 1999.  Mr. Duncan worked off the clock

COMPLAINT AND DEMAND FOR JURY TRIAL- 20

before and after his scheduled shift, performing the following work activities, among others: walking the floor, running the tills, which meant entering sequences, counting out drawers, balancing the safe. He also cleaned the front, checked displays, restocked, faced dairy, dry goods, and beverage, filled beer boxes and liquor shelves, and built lobby displays. Management knew or should have known that Mr. Duncan was working off the clock, because, among other reasons, his store director instructed him to arrive a half hour before his shift to walk the floor and see what needed restocking. In addition, managers were usually present in the store when he worked off the clock, knew or should have known when he was scheduled to work, and knew or should have known that he was likely to work off the clock because he was given too much work to complete during his shift.

6.2.15  Plaintiff Janene Eddy.

6.2.15.1  Plaintiff Janene Eddy was employed by Albertson's at its stores in Lancaster, California (store1670), as a key person, in the period, among other times, from approximately May 1993 to September 1995, classified as a front end clerk. Ms. Eddy was promoted to fifth key person in May 1993, carried keys to the store safe and store and wore a gold vest. She was scheduled to work six days each week, for a total of 48 hours. On five of the days she performed closing duties. Her duties included making sure the store was prepared for opening, supervising others, taking care of the safe, preparing the tills for the next day and making sure the end displays were completed.

6.2.15.2  Ms. Eddy had insufficient time to perform these duties within her scheduled hours because she was required to spend so much of her time in the checkstands. She asked her store director and grocery manager, who often assigned her specific work to be done, what she should to. They told her that if she wanted to advance in the company she needed to get

her work done, but that she could not record overtime because overtime ruins labor, and that if she could not get the work done they could replace her. Once when she had to work particularly late off the clock completing an end she told the grocery manager. He said that although it was not right that she worked off the clock, the end looked great. He never paid her for the off the clock work. As a result of these conflicting messages, she realized that she had to work off the clock to get the work done and advance in the company, but that she should not complain about it or record any overtime.

6.2.15.3   Occasionally Ms. Eddy recorded overtime when she could not get to the time clock to check out when her shift ended. Her managers criticized her for this.

6.2.15.4   On shifts Ms. Eddy did not close she worked in the customer service booth. Her shift ended at 8 or 8:30 pm, but she often worked after clocking out until 9 or 9:30 pm closing the booth, counting money orders, closing out the till and lotto machines, closing out the lobby tills, counting the safe and making the tills for the next day.

6.2.16   Plaintiff Josh Eddy.

6.2.16.1   Plaintiff Josh Eddy was employed by Albertson's at its stores in Lancaster, California (stores 1619 and 1670), as a courtesy clerk, non-food clerk, liquor jobber, grocery clerk, receiving clerk, receiving clerk jobber, front end clerk, and backup scan coordinator, in the period, among other times, from approximately May 1993 to 1999. Mr. Eddy worked off the clock mainly after his scheduled shift and on his day off. Management knew or should have known that Mr. Eddy was working off the clock, because, among other reasons, his store director instructed him to arrive a half hour before his shift to walk the floor and see what needed restocking. In addition, managers were usually present in the store when he worked off the clock, knew or should have known when he was scheduled to work, and knew or should have known that he was likely to

COMPLAINT AND DEMAND FOR JURY TRIAL- 22

work off the clock because he was given too much work to complete during his shift.

### 6.2.17  Plaintiff Monique Farmer.

6.2.17.1   Plaintiff Monique Farmer was employed by Albertson's at its stores in Chico, California (store 775) and Paradise, California (store 753), as a service deli clerk, service deli manager and front end fifth person in the period from approximately February 1992 to April 2001.  Ms. Farmer worked off the clock, performing the following work activities, among others: waiting on customers, preparing food, moving frozen food items, completing paperwork, and cleaning.  She worked off the clock during her scheduled lunch break and before and after her scheduled shift.  Management knew or should have known that Ms. Farmer was working off the clock, because, among other reasons, managers were usually present in the store when she worked off the clock, knew or should have known when she was scheduled to work, and knew or should have known that she was likely to work off the clock because she was given too much work to complete during her shift.  She often worked off the clock in the office, doing paperwork, in full view of her store director and grocery manager.

### 6.2.18  Plaintiff Dawn Fosket.

6.2.18.1   Plaintiff Dawn Fosket was employed by Albertson's at its stores in Fort Collins, Colorado (stores 814 and 876), as a courtesy clerk, courtesy booth jobber, front end jobber, front end clerk, grocery jobber, and grocery clerk in the period from approximately December 1995 to January 1998.  Ms. Fosket worked off the clock, performing the following work activities, among others, after her scheduled shift:  helping the key stock and face with the night crew.  Management knew or should have known that Ms. Fosket was working off the clock, because, among other reasons, managers were usually present in the store when she worked off the clock, knew or should have known when she was scheduled to work, and knew or should have

COMPLAINT AND DEMAND FOR JURY TRIAL- 23

known that she was likely to work off the clock because she was given too much work to complete during her shift.

### 6.2.19  Plaintiff Jennifer Garcia.

6.2.19.1  Plaintiff Jennifer Garcia was employed by Albertson's at its stores in West Covina, California (store 1797) and Upland, California (store 1983), as a courtesy clerk, grocery clerk, deli clerk, and meat deli supervisor in the period, among other times, from approximately May 1993 to September 1999.  Ms. Garcia worked off the clock, performing the following work activities, among others: ordering and other paperwork related to her position in the meat deli department, including writing orders for merchandise and performing calculations, sorting, stocking and delivering merchandise, creating signs, performing price checks, and helping customers.  She worked off the clock during her scheduled lunch break and before and after her scheduled shift.  Management knew or should have known that Ms. Garcia was working off the clock, because, among other reasons, managers were usually present in the store when she worked off the clock, knew or should have known when she was scheduled to work, and knew or should have known that she was likely to work off the clock because she was given too much work to complete during her shift.

### 6.2.20  Plaintiff Carol Gold.

6.2.20.1  Plaintiff Carol Gold was employed by Albertson's at its stores in Colton, California (store 1603), and Redlands, California (store 1605), as a bookkeeper and checker in the period, among other times, from approximately January 1993 to January 2000.  Ms. Gold worked off the clock as a bookkeeper, performing the following work activities, among others, during her scheduled lunch break and before and after her scheduled shift: completing deposits, reconciling the books, opening and sorting the mail, going to the bank to pick up returned checks,

reconciling checks, reconciling hard copy records with the computer, processing payroll, bringing up bags from registers, changing the daily computer tape downstairs, accessing the daily closing reading from the keys' shifts, and processing the day's outgoing mail and returned customer checks. She also worked off the clock training supervisors and bookkeepers during the opening of new stores. Management knew or should have known that Ms. Gold was working off the clock, because, among other reasons, managers were usually present in the store when she worked off the clock, knew or should have known when she was scheduled to work, and knew or should have known that she was likely to work off the clock because she was given too much work to complete during her shift.

        6.2.21  <u>Plaintiff Paul Graziano.</u>

        6.2.21.1  Plaintiff Paul Graziano was employed by Albertson's at its stores in Sacramento, California (stores 770 and 773), and Carmichael, California (store 783), as a grocery clerk, front end clerk, receiving clerk jobber, assistant customer service supervisor, liquor clerk, and head front end clerk in the period, among other times, from approximately May 1993 to January 1999. Mr. Graziano worked off the clock, performing the following work activities, among others: stocking freight, facing shelves, breaking down deliveries, cleaning, writing orders, changing tags, activating price changes. He worked off the clock during his scheduled lunch break, before and during his scheduled shift, and he would come in on his days off. Management knew or should have known that Mr. Graziano was working off the clock, because, among other reasons, managers were usually present in the store when he worked off the clock, knew or should have known when he was scheduled to work, and knew or should have known that he was likely to work off the clock because he was given too much work to complete during his shift.

COMPLAINT AND DEMAND FOR JURY TRIAL- 25

### 6.2.22 Plaintiff Dennis Hawthorne.

6.2.22.1   Plaintiff Dennis Hawthorne was employed by Albertson's at its stores in Rancho Cordova, California (store 761), Folsom, California (store 762), Sacramento, California (store 769), Granite Bay, California (store 771), and Folsom, California (store 788), as a front end jobber, grocery clerk, front end clerk, fourth person, grocery jobber, liquor clerk, liquor jobber, fifth person, in the period, among other times, from approximately May 1993 to 1999.  Mr. Hawthorne worked off the clock, performing the following work activities, among others: throwing loads, writing orders, changing prices, cleaning, filling and stocking product, removing out of date and discontinued product.  Management knew or should have known that Mr. Hawthorne was working off the clock, because, among other reasons, managers were usually present in the store when he worked off the clock, knew or should have known when he was scheduled to work, and knew or should have known that he was likely to work off the clock because he was given too much work to complete during his shift.

### 6.2.23 Plaintiff William Heckathorn..

6.2.23.1   Plaintiff William Heckathorn was employed by Albertson's at its stores in Snohomish, Washington (store 401), and Tacoma, Washington (store 463), as a meat manager in the period, among other times, from approximately May 1993 to May 1995.  Mr. Heckathorn worked off the clock, performing the following work activities, among others: scheduling and other paperwork, cutting and wrapping meat, and filling the meat case. Management knew or should have known that Mr. Heckathorn was working off the clock, because, among other reasons, managers were usually present in the store when he worked off the clock, knew or should have known when he was scheduled to work, and knew or should have known that he was likely to work off the clock because he was given too much work to complete during his

shift.

### 6.2.24   Plaintiff Robert Louis Hoefler.

6.2.24.1   Plaintiff Robert Louis Hoefler was employed by Albertson's at its store in Capitola, California (store 719), as a liquor clerk and assistant customer service supervisor in the period, among other times, from approximately May 1993 to May 1995.  Mr. Hoefler worked off the clock in the liquor department, performing the following work activities, among others: checking loads and invoices, writing orders, calling delivery drivers, setting up schedules, and completing other paperwork.  Management knew or should have known that Mr. Hoefler was working off the clock, because, among other reasons, managers were usually present in the store when he worked off the clock, knew or should have known when he was scheduled to work, and knew or should have known that he was likely to work off the clock because he was given too much work to complete during his shift.

### 6.2.25   Plaintiff Janell Holder.

6.2.25.1   Plaintiff Janell Holder was employed by Albertson's at its store in Fresno, California (store 780), as a bake-off manager in the period from approximately September 1991 to November 1994.  Ms. Holder worked off the clock, performing the following work activities, among others, during her scheduled lunch break and before and after her scheduled shift: baking, moving delivery loads to the freezer, making doughnuts, cleaning, pulling out product for the next day, scheduling and writing orders.  Management knew or should have known that Ms. Holder was working off the clock, because, among other reasons, managers were usually present in the store when she worked off the clock, knew or should have known when she was scheduled to work, and knew or should have known that she was likely to work off the clock because she was given too much work to complete during her shift.

COMPLAINT AND DEMAND FOR JURY TRIAL- 27

6.2.26  <u>Plaintiff Patrick Iman.</u>

6.2.26.1   Plaintiff Patrick Iman worked for Albertson's in its stores in Salinas and Monterey, California (stores 795, 1901, and 1902), as a salaried general merchandise drug manager between 1987 and 1999.  In his position he primarily performed the same work as his subordinates: stocking, straightening and facing shelves, resetting merchandise, cleaning, and building ends and displays.  He was scheduled to work 48 hours per week, but many weeks he worked considerably more.  During holiday and changeover weeks he worked as many as 60 hours or more.

6.2.27  <u>Plaintiff Carla Jackson.</u>

6.2.27.1   Plaintiff Carla Jackson was employed by Albertson's at its store in San Diego, California (store 685), as a service deli clerk and service deli demonstrator in the period from approximately August 1997 to July 1998.  Ms. Jackson worked off the clock, performing the following work activities, among others, during her scheduled lunch break and after her scheduled shift: filling orders and preparing food for customers, cleaning, restocking, and preparing food for the next day.  Management knew or should have known that Ms. Jackson was working off the clock, because, among other reasons, managers were usually present in the store when she worked off the clock, knew or should have known when she was scheduled to work, and knew or should have known that she was likely to work off the clock because she was given too much work to complete during her shift.

6.2.28  <u>Plaintiff Carol Jackson.</u>

6.2.28.1   Plaintiff Carol Jackson was employed by Albertson's at its store in Sacramento, California (store 770), as a butcher block supervisor in the period from approximately May 1993 to January 1999.  Ms. Jackson worked off the clock, performing the following work

COMPLAINT AND DEMAND FOR JURY TRIAL- 28

activities, among others, during her scheduled lunch break and after her scheduled shift: completing paperwork, cleaning up the department, informing employees on the next shift of work that needed to be done, picking up fish from the market or other stores. Management knew or should have known that Ms. Jackson was working off the clock, because, among other reasons, managers were usually present in the store when she worked off the clock, knew or should have known when she was scheduled to work, and knew or should have known that she was likely to work off the clock because she was given too much work to complete during her shift.

6.2.29  Plaintiff Jessica Jones.

6.2.29.1  Plaintiff Jessica Jones was employed by Albertson's at its store in North Highlands, California (store 765), as a courtesy clerk, lobby jobber, courtesy booth jobber, lobby clerk, and salad maker jobber in the period, among other times, from approximately June 1997 to October 1999. Ms. Jones worked off the clock before and after her scheduled shift, performing the following work activities, among others: counting tills, working in check stands, getting scan numbers, cleaning setting schematics, setting up promotions, cleaning up, and getting orders out. Management knew or should have known that Ms. Jones was working off the clock, because, among other reasons, managers were usually present in the store when she worked off the clock, knew or should have known when she was scheduled to work, and knew or should have known that she was likely to work off the clock because she was given too much work to complete during her shift.

6.2.30  Plaintiff Larry Jones.

6.2.30.1  Plaintiff Larry Jones was employed by Albertson's at its store in North Highlands, California (store 765), as a front end clerk and grocery jobber in the period, among other times, from approximately May 1993 to September 1999. Mr. Jones worked off the

clock performing the following work activities, among others: writing and calling in orders, straightening up shelves, cleaning up the dairy box, stocking, filling and facing, and picking up product at another store. Management knew or should have known that Mr. Jones was working off the clock, because, among other reasons, managers were usually present in the store when he worked off the clock, knew or should have known when he was scheduled to work, and knew or should have known that he was likely to work off the clock because he was given too much work to complete during his shift.

### 6.2.31  Plaintiff James Kuns.

6.2.31.1   Plaintiff James Kuns was employed by Albertson's at its stores in Northridge, California (store 659), Simi Valley, California (stores 1617 and 1663), as a front end clerk, front end jobber, grocery clerk, grocery jobber, and liquor clerk in the period, among other times, from approximately May 1993 to August 1997. Mr. Kuns worked off the clock performing the following work activities, among others: finish filling the milk box, bring out the load for the night crew, and unload trucks. Management knew or should have known that Mr. Kuns was working off the clock, because, among other reasons, managers were usually present in the store when he worked off the clock, knew or should have known when he was scheduled to work, and knew or should have known that he was likely to work off the clock because he was given too much work to complete during his shift.

### 6.2.32  Plaintiff Raul Leon.

6.2.32.1   Plaintiff Raul Leon has been employed by Albertson's at its stores in La Quinta, California (store 1627) and Palm Springs, California (store 683), as a grocery clerk and front-end clerk,  in the period from approximately March 1993 to August 1999. Mr. Leon worked off the clock before and after his scheduled shift, performing the following work activities,

among others: fixing up and stocking the milk box, fixing up the front end, bringing product from the back and filling the front, cleaning the backroom, and stocking the soda aisle. Management knew or should have known that Mr. Leon was working off the clock, because, among other reasons, managers were usually present in the store when he worked off the clock, knew or should have known when he was scheduled to work, and knew or should have known that he was likely to work off the clock because he was given too much work to complete during his shift.

### 6.2.33   Plaintiff Bill Logan.

6.2.33.1   Plaintiff Bill Logan was employed by Albertson's at its stores in Sacramento, California (stores 770 and 777), as a front end clerk, liquor clerk, and grocery clerk in the period, among other times, from approximately May 1993 to January 1999. Mr. Logan worked off the clock during his scheduled lunch break and before and after his scheduled shift. Management knew or should have known that Mr. Logan was working off the clock, because, among other reasons, managers were usually present in the store when he worked off the clock, knew or should have known when he was scheduled to work, and knew or should have known that he was likely to work off the clock because he was given too much work to complete during his shift.

### 6.2.34   Plaintiff Sheryl Lonergan.

6.2.34.1   Plaintiff Sheryl Lonergan was employed by Albertson's at its store in Fresno, California (store 780), as a grocery clerk, customer service supervisor, and checker in the period, among other times, from approximately 1992 to 1999. Ms. Lonergan worked off the clock, performing the following work activities, among others, during her scheduled lunch break and before and after her scheduled shift: wrote board changes, made sure the check stands were ready, cleaned registers, counted out tills, made sure the front end was in order before closing, and ran

errands for the store.  Management knew or should have known that Ms. Lonergan was working off the clock, because, among other reasons, managers were usually present in the store when she worked off the clock, knew or should have known when she was scheduled to work, and knew or should have known that she was likely to work off the clock because she was given too much work to complete during her shift.

6.2.35  Plaintiff Regina Lopez.

6.2.35.1  Plaintiff Regina Lopez was employed by Albertson's at its stores in Carmel, California (store 705), Capitola, California (store 719), and Freedom, California (stores 739 and 786), as a service deli clerk, front end jobber, front end clerk, grocery jobber in the period, among other times, from approximately May 1993 to January 1999.  Ms. Lopez worked off the clock during the period from early 1995 to late 1996, performing the following work activities, among others, during her scheduled lunch break and before and after her scheduled shift: setting things up and throwing freight.  Management knew or should have known that Ms. Lopez was working off the clock, because, among other reasons, managers were usually present in the store when she worked off the clock, knew or should have known when she was scheduled to work, and knew or should have known that she was likely to work off the clock because she was given too much work to complete during her shift.

6.2.36  Plaintiff Donald McBride.

6.2.36.1  Plaintiff Donald McBride was employed by Albertson's at its stores in Austin, Texas (stores 4018 and 4020), as a front end clerk, front end jobber, service deli clerk, and butcher block service clerk in the period, among other times, from approximately June 1993 to October 1998.  Mr. McBride worked off the clock during his scheduled lunch break, before and after his scheduled shift, and on his days off, performing the following work activities, among

COMPLAINT AND DEMAND FOR JURY TRIAL- 32

others: working as a cashier, filling out produce, helping out the other store, doing the product count with the scanner, unloading freight, helping out at the butcher block, picking up produce and other products away from the store.  Management knew or should have known that Mr. McBride was working off the clock, because, among other reasons, managers were usually present in the store when he worked off the clock, knew or should have known when he was scheduled to work, and knew or should have known that he was likely to work off the clock because he was given too much work to complete during his shift.

     6.2.37  Plaintiff Brian Miller.

        6.2.37.1   Plaintiff Brian Miller was employed by Albertson's at its stores in Scottsdale, Arizona (store 955), Peoria, Arizona (store 971), Glendale, Arizona (store 974), and Goodyear, Arizona (store 976), as a front end clerk, backup scan coordinator, assistant customer service supervisor, assistant front end manager, front end manager, and front end jobber in the period, among other times, from approximately March 1994 to May 1997.  Mr. Miller worked off the clock during the period of approximately January 1996 to June 1996, during his scheduled lunch break and after his scheduled shift, performing the following work activities, among others: fulfilling change orders for cashiers, picking up extra money in the cashiers' till, helping customers, working the register, counting and reconciling cash drawers and safe, and cleaning and stocking the front end.  Management knew or should have known that Mr. Miller was working off the clock, because, among other reasons, managers were usually present in the store when he worked off the clock, knew or should have known when he was scheduled to work, and knew or should have known that he was likely to work off the clock because he was given too much work to complete during his shift.

### 6.2.38  Plaintiff Terri Ann Paul.

6.2.38.1  Plaintiff Terri Ann Paul was employed by Albertson's at its stores in Rohnert Park, California (store 752), Turlock, California (store 768), North Highlands, California (store 765), and Sacramento, California (stores 773 and 770), as a checker and assistant customer service supervisor in the period from approximately August 1983 to 1996.  Ms. Paul performed the following work activities, among others, off the clock, working before and after her scheduled shift and through her lunch breaks: counting tills, cleaning up the front end, building end displays, stocking dairy, and doing paperwork and other managerial duties, including preparing schedules. Management knew or should have known that Ms. Paul was working off-the-clock, because, among other things, the store director, grocery manager, and other managers were present in the store when she worked during her lunch breaks and before and after her scheduled shift.  The store director knew she was working off the clock, because he told her to come to work a half hour before her scheduled shift and to stay until the work was done, even if that was after the end of her scheduled shift.

### 6.2.39  Plaintiff Glenda Phelan.

6.2.39.1  Plaintiff Glenda Phelan was employed by Albertson's at its stores in Citrus Heights, California (store 764 and 774), as a customer service supervisor, front end clerk, scan clerk, backup scan coordinator in the period from approximately August 1993 to September 1999.  Ms. Phelan worked off the clock, performing the following work activities, among others, during her scheduled lunch break and after her scheduled shift: writing daily and weekly schedules, writing inventory, closing tills and counting the safe, and cleaning the front end.  Management knew or should have known that Ms. Phelan was working off the clock, because, among other reasons, managers were usually present in the store when she worked off the clock, knew or should have

COMPLAINT AND DEMAND FOR JURY TRIAL- 34

known when she was scheduled to work, and knew or should have known that she was likely to work off the clock because she was given too much work to complete during her shift.

6.2.40   Plaintiff Quintus Preacely.

6.2.40.1   Plaintiff Quintus Preacely was employed by Albertson's at its stores in Long Beach, California (store 1602), Fullerton, California (store 1635), and Lakewood, California (store 1697), as a grocery clerk, front end clerk, fourth person, third person, front end jobber, and grocery jobber in the period, among other times, from approximately May 1993 to the present.  Mr. Preacely worked off the clock during his scheduled lunch break and before and after his scheduled shift, performing the following work activities, among others:  counting tills and safe, straightening ends, walking the store, and checking the night crew.  Management knew or should have known that Mr. Preacely was working off the clock, because, among other reasons, managers were usually present in the store when he worked off the clock, knew or should have known when he was scheduled to work, and knew or should have known that he was likely to work off the clock because he was given too much work to complete during his shift.

6.2.41   Plaintiff Esperanza Ramirez.

6.2.41.1   Plaintiff Esperanza Ramirez was employed by Albertson's at its stores in Whittier, California (store 625), Long Beach, California (store 1905), Covina, California (store 1919), Garden Grove, California (store 1919), and Los Angeles, California (store 1968), as a courtesy clerk, courtesy jobber, front end clerk, meat deli clerk, meat deli jobber, non-food clerk, non-food clerk jobber, front end jobber, courtesy booth clerk, and sign maker, in the period, among others, from approximately May 1993 to May 1999.  Ms. Ramirez worked off the clock, performing the following work activities, among others, during her scheduled lunch break, before and after her scheduled shift, and on her day off: restocking the meat case, calling vendors, making up orders,

COMPLAINT AND DEMAND FOR JURY TRIAL- 35

walking the store, making signs, checking ads, preparing product, facing shelves, making sign displays, cleaning up, breaking down deliveries, writing orders and completing other paperwork. Management knew or should have known that Ms. Ramirez was working off the clock, because, among other reasons, managers were usually present in the store when she worked off the clock, knew or should have known when she was scheduled to work, and knew or should have known that she was likely to work off the clock because she was given too much work to complete during her shift.

6.2.42   Plaintiff Barbara Richardson.

6.2.42.1   Plaintiff Barbara Richardson was employed by Albertson's at its stores in Houston, Texas (stores 2707, 2703, 2705), as a cashier and assistant florist in the period from approximately August 1999 to June 2000.  Ms. Richardson worked off the clock as a cashier at store 2707, performing the following work activities, among others, during her scheduled lunch break: checking, helping customers, and cleaning registers.  Management knew or should have known that Ms. Richardson was working off the clock, because, among other reasons, managers were usually present in the store when she worked off the clock, knew or should have known when she was scheduled to work, and knew or should have known that she was likely to work off the clock because she was the only checker on duty on the night shift and they would tell her to interrupt her lunch break to help customers.

6.2.43   Plaintiff Stacey Roberts.

6.2.43.1   Plaintiff Stacey Roberts was employed by Albertson's at its stores in Palmdale, California (store 1634), and Rosamond, California (store 1637), as a front end clerk, service deli clerk, front end jobber, grocery jobber, grocery clerk, assistant front end manager, and fourth person in the period from approximately May 1993 to August 1999.  Ms. Roberts worked off

the clock, performing the following work activities, among others, after her scheduled shift: throwing frozen food and building end displays, stocking and facing the milk box, and throwing water. Management knew or should have known that Ms. Roberts was working off the clock, because, among other reasons, managers were usually present in the store when she worked off the clock, knew or should have known when she was scheduled to work, and knew or should have known that she was likely to work off the clock because she was given too much work to complete during her shift.

6.2.44  Plaintiff Patricia Robledo.

6.2.44.1   Plaintiff Patricia Robledo was employed by Albertson's at its stores in Anaheim, California (store 666), Placentia, California (store 1604), and Buena Park, California (store 1648), as a decorator, decorator jobber, bake-off decorator, and bake-off decorator jobber in the period from approximately May 1993 to December 1998. Ms. Robledo worked off the clock, performing the following work activities, among others, during her scheduled lunch break, and before and after her scheduled shift: filling job orders, delivering cinnamon rolls and pastries to the District office, filling special orders, writing schedules, and shopping for store decorations. Management knew or should have known that Ms. Robledo was working off the clock, because, among other reasons, managers were usually present in the store when she worked off the clock, knew or should have known when she was scheduled to work, and knew or should have known that she was likely to work off the clock because she was given too much work to complete during her shift.

6.2.45  Plaintiff Edward Tresh.

6.2.45.1   Plaintiff Edward Tresh was employed by Albertson's at its store in Rancho Cordova, California (store 761), as a grocery clerk, front end clerk, grocery jobber, and

COMPLAINT AND DEMAND FOR JURY TRIAL- 37

third person in the period, among other times, from approximately May 1993 to April 1998. Mr. Tresh worked off the clock during his scheduled lunch break, before and after his scheduled shift, and on his day off, performing the following work activities, among others: throwing freight, closing the store, and writing schedules. Management knew or should have known that Mr. Tresh was working off the clock, because, among other reasons, managers were usually present in the store when he worked off the clock, knew or should have known when he was scheduled to work, and knew or should have known that he was likely to work off the clock because he was given too much work to complete during his shift.

6.2.46  Plaintiff Evelyn Tutein.

6.2.46.1  Plaintiff Evelyn Tutein was employed by Albertson's at its stores in Pembroke Pines, Florida (store 4360), and Sunrise, Florida (store 4375), as a front end clerk, drug and general merchandise clerk and jobber in the period from approximately May 1994 to January 1996. Ms. Tutein worked off the clock, performing the following work activities, among others, after her scheduled shift: straightening up cash registers, putting back merchandise, and facing shelves. Management knew or should have known that Ms. Tutein was working off the clock, because, among other reasons, managers were usually present in the store when she worked off the clock, knew or should have known when she was scheduled to work, and knew or should have known that she was likely to work off the clock because she was given too much work to complete during her shift.

6.2.47  Plaintiff Sean Tyree.

6.2.47.1  Plaintiff Sean Tyree was employed by Albertson's at its store in Granite Bay, California (store 771), as a head grocery clerk, front end clerk, front end jobber, grocery clerk, grocery jobber, and liquor jobber in the period, among other times, from

COMPLAINT AND DEMAND FOR JURY TRIAL- 38

approximately May 1993 to November 1994.  Mr. Tyree worked off the clock during his scheduled

lunch break, before and after his scheduled shift, and on his day off, performing the following work

activities, among others: working in the front end when he was scheduled for lunch to relieve other

employees, throwing freight, writing orders, finish assigned tasks, and do price changes.

Management knew or should have known that Mr. Tyree was working off the clock, because,

among other reasons, managers were usually present in the store when he worked off the clock,

knew or should have known when he was scheduled to work, and knew or should have known that

he was likely to work off the clock because he was given too much work to complete during his

shift.

      6.2.48   Plaintiff Rubin Vigil.

          6.2.48.1   Plaintiff Rubin Vigil was employed by Albertson's at its store in

Huntington Beach, California (store 1668), as a liquor manager/supervisor, grocery clerk, front end

jobber, front end clerk, and receiving clerk jobber, among other times, from approximately May

1993 to June 1999.  Mr. Vigil worked off the clock during his scheduled lunch break and after his

scheduled shift, performing the following work activities, among others: throwing freight, stocking

liquor, finishing the department, filling the beer box and advertised items, stocking shelves,

delivering "buy in" items to other stores, picking up items at other stores, and helping customers.

Management knew or should have known that Mr. Vigil was working off the clock, because, among

other reasons, managers were usually present in the store when he worked off the clock, knew or

should have known when he was scheduled to work, and knew or should have known that he was

likely to work off the clock because he was given too much work to complete during his shift.

      6.2.49   Plaintiff Sharon Whittemore.

          6.2.49.1   Plaintiff Sharon Whittemore was employed by Albertson's at its

store in Oroville, California (store 758), and classified as a non-food clerk, courtesy booth jobber, and courtesy booth supervisor, among other times, from approximately May 1992 to May 1998. Ms. Whittemore worked off the clock performing the following work activities, among others, during her scheduled lunch break, before and after her scheduled shift, and on her days off: going to the bank for returned checks, working on inventory and promotions, setting up the courtesy booth and lobby, writing schedules and orders and other paperwork. Management knew or should have known that Ms. Whittemore was working off the clock, because, among other reasons, managers were usually present in the store when she worked off the clock, knew or should have known when she was scheduled to work, and knew or should have known that she was likely to work off the clock because she was given too much work to complete during her shift.

　　　　6.2.50  Plaintiff Christyne Wood.

　　　　　　6.2.50.1   Plaintiff Christyne Wood was employed by Albertson's at its store in Chico, California (store 775), as a front end clerk, customer service supervisor, and liquor jobber in the period from approximately May 1993 to January 1999. Ms. Wood worked off the clock as a customer service supervisor, performing the following work activities, among others, during her scheduled lunch break, before and after her scheduled shift, and on her days off: ordering supplies and uniforms, writing schedules and other paperwork, checking for carts in the parking lot, cleaning, and coming in on her day off for Hawaiian days and the spring spectacular. Management knew or should have known that Ms. Wood was working off the clock, because, among other reasons, managers were usually present in the store when she worked off the clock, knew or should have known when she was scheduled to work, and knew or should have known that she was likely to work off the clock because she was given too much work to complete during her shift.

6.2.51 Plaintiff Samuel Yocum.

6.2.51.1   Plaintiff Samuel Yocum was employed by Albertson's at its store in West Linn, Oregon (store 506), Milwaukie, Oregon (store 543), and Oregon City, Oregon (store 571) as a front end jobber, grocery jobber, grocery clerk, front end fifth person, front end fourth person, and third person, among other times, from approximately May 1993 to 2000 . Mr. Yocum worked off the clock during his scheduled lunch break and after his scheduled shift, performing the following work activities, among others: assisting customers, unloading freight, stocking and facing shelves, counting tills and reconciling safe, collecting carts, cleaning up, making sure the store was ready to open the next day.  Management knew or should have known that Mr. Yocum was working off the clock, because, among other reasons, managers were usually present in the store when he worked off the clock, knew or should have known when he was scheduled to work, and knew or should have known that he was likely to work off the clock because he was given too much work to complete during his shift.

7.   VIOLATIONS AND EFFECTS.

7.1   Violation Of FLSA.  The conduct of Albertson's, as alleged above, violated the FLSA as follows:

7.1.1   Permitting plaintiffs to work without paying overtime compensation for all time worked in excess of 40 hours in a week.

7.1.2   Failing to keep accurate records showing all the time worked by plaintiffs that Albertson's permitted them to work and all wages earned.

7.2   Violation of ERISA.  The conduct of Albertson's with respect to plaintiff Patrick Iman, as alleged above, violated ERISA, in failing to properly compensate him and maintain records sufficient to determine the benefits due or which may become due him under applicable employee

benefit plans.

 7.2. <u>Violation of California Law.</u> The conduct of Albertson's, as alleged above, violated California law as follows:

  7.2.1 Permitting plaintiffs to work without paying for all time worked at applicable overtime and minimum wage rates.

  7.2.2. Permitting plaintiff Patrick Iman to work without paying for all time worked at applicable overtime rates.

  7.2.3. Engaging in unfair competition and unfair, unlawful and fraudulent business practices in violation of California Business & Professions Code § 17200 <u>et seq.</u>

8. <u>JURY DEMAND.</u>

 Plaintiffs demand a trial by jury on all issues properly triable by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

9. <u>PRAYER.</u>

 Plaintiffs pray for judgment against Albertson's as follows:

 9.1 <u>Damages.</u> For damages from Albertson's for plaintiffs including compensation for unrecorded work time, liquidated damages, penalties, and, for plaintiff Patrick Iman, unpaid benefits in amounts to be proved at trial.

 9.2 <u>Restitution and disgorgement of profits.</u> For restitution and disgorgement of profits in amounts to be proved at trial.

 9.3 <u>Costs of Litigation and Attorneys' Fees.</u> For costs of litigation, including attorneys' fees.

 9.4 <u>Other Relief.</u> For such other and further relief as the Court deems proper.

COMPLAINT AND DEMAND FOR JURY TRIAL- 42

DATED this 30th day of April, 2001.

| | |
|---|---|
| WEBSTER, MRAK & BLUMBERG | NEVIN, HERZFELD, BENJAMIN & McKAY LLP |
| Richard P. Blumberg | 303 W. Bannock |
| 1422 Seneca Street | P.O. Box 2772 |
| Seattle, Washington 98101 | Boise, Idaho 83701 |
| Telephone (206) 223-0344 | Telephone (208) 343-1000 |
| Facsimile (206) 223-0316 | Facsimile (208) 345-8274 |

By _____
Scott McKay

Attorneys for Plaintiffs